UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA RICHARDS,

        Plaintiff,

vs.

        Case No. 13-cv-12414
        HON. GERSHWIN A. DRAIN

THE BANK OF NEW YORK MELLON f/k/a
The Bank of New York, as Trustee for the Certificate
Holders of CWABS, Inc., Asset-Backed Certificates,
Series 2007-3
        Defendant.
_____/

## **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS[#4]**

### **I.**    **Introduction**

The property in question is located at 5600 Woodhall Street, Detroit Michigan ("Property"). On December 29, 2006, when non-party, Donald Cargill ("Cargill"), was granted a mortgage ("Mortgage") by Investaid Corporation ("Investaid") on the Property in the amount of $144,800, Mortgage Electronic Registration Systems, Inc. ("MERS"), was listed as sole nominee for Investaid. *See* Dkt. No. 13, pg. 2. The mortgage was recorded with the Wayne County Register of Deeds on January 24, 2007. *See* Def.'s Mot., Dkt. no. 4-2, Ex. B. Cargill later defaulted under the terms of his mortgage, and Defendant foreclosed by advertisement. The foreclosure sale was held on November 1, 2012, at which Defendant, as trustee, was the highest bidder and took title to the property by Sheriff's Deed. The redemption period expired on May 1, 2013.

Plaintiff's recitation of the chain of title recounts a different history of title to the

-1-

Property. Subsequent to Cargill's mortgage from MERS, Plaintiff alleges that Cargill was informed that his mortgage was assigned to Miami Valley Bank ("MVB") and was presented with an unexecuted and undated Assignment of Mortgage. *See* Dkt. No. 7-2, Ex 2. Cargill was also given temporary payment coupons stating the remittance should go to "Investaid Corporation C/O MVB Mortgage. *See* Dkt. No. 7-3, Ex 3. On or about August 23, 2007, MVB executed a Discharge of Mortgage for the mortgage on the Property. MVB additionally filed a 1099-C Cancellation of Debt, for which Cargill was the recipient, on its 2007 tax return. Plaintiff then purchased the Property from Cargill by warranty deed on December 15, 2007, under the impression from the Discharge of Mortgage document and the 1099-C Cancellation of Debt form, that the Property was free and clear of any and all encumbrances.

Subsequent to her purchase, Plaintiff failed to record her interest until November 13, 2012: twelve days after the foreclosure sale and two days before Defendant recorded its Mortgage on November 15, 2012. Plaintiff claims that she is a bona fide purchaser and should be entitled to quiet title on the Property. Plaintiff filed this suit on April 18, 2013, after multiple failed attempts to resolve the issue outside of court.

### III.  Law & Analysis
### A.  Standard of Review

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

### B. Defendant's Motion to Dismiss

### 1. Richards was not a Bona Fide Purchaser and took the Property Subject to the Mortgage

Defendant argues that when Plaintiff was sold the property by Cargill, Plaintiff took the property subject to the Mortgage of record, recorded by Investaid on January 24, 2007, in Liber 45880, Page 2346 with the Wayne County Register of Deeds. Defendant further contends that the only way Plaintiff could have taken the property free of the recorded mortgage was if she was a bona fide purchaser. Defendant states Plaintiff could not have been a bona fide purchaser because Plaintiff had constructive notice of the January 24, 2007, mortgage. Defendant directs the Court to Plaintiff's testimony where Plaintiff admitted to having actual notice of someone claiming an interest in the property at the time she recorded her deed on November 13, 2012. *See* Def.'s Mot., Dkt. No. 4, pg. 11; *See also,* Comp. Dkt. No.1-2. Pg. 13. Defendant maintains that because Plaintiff was on constructive notice of Investaid's interest in the Property and because she had actual notice of an interest in the Property when she recorded on November 13, 2013, she cannot be a bona fide purchaser without notice.

Plaintiff argues that she purchased the Property free and clear of any encumbrances because the Mortgage at issue was discharged prior to the sale. Plaintiff further contends that an issue of fact exists as to whether MVB was the rightful and legal owner of the Mortgage at the time of its discharge; thus, negating Defendant's foreclosure and making its claim inferior.

Plaintiff further argues that she relied on information given to her by the title company, a mortgage discharge document and an affidavit by Michael Wright, an escrow

agent, that indicated the Property was free and clear. Plaintiff states that with the information provided to her by the title company, there was nothing that placed her on notice that there were any encumbrances on the Property. *See* Plt.'s Resp., Dkt. No. 7, pg. 12; *see also*, Comp., Affidavit of Michael Wright, Dkt. No. 1-2, pg. 11.

Furthermore, Plaintiff concedes that she received the required notices governed by the foreclosure by advertisement statute. However, Plaintiff maintains that she was not aware, until she attempted to purchase homeowner's insurance, that her interest was not recorded. Plaintiff then recorded her mortgage on November 13, 2012. Plaintiff argues that she was a bona fide purchaser at the time of the sale.

In Michigan, the recordation of a mortgage constitutes constructive notice to all subsequent lienholders that a mortgage exists on a property. *See* MICH. COMP. LAWS § 565.29; *see also, Residential Funding Co., L.L.C. v. Fifth Third Bank, 2100 Mich. App. LEXIS 123, Case No. 294564 at \* 7 (Jan. 20, 2011)*(citing *Ameriquest Mortg. v. Alton*, 273 Mich. App. 84, 93 (2006) ("The failure of Ameriquest's title-insurance commitment company to discover Alton's duly recorded prior mortgage does not serve to nullify the constructive notice provided by the recordation or to alter the priority status of Alton's mortgage.). Accordingly, the same rule applied in *Residential Funding*, applies here.

The failure of Plaintiff's title company to discover Investaid's recorded interest does not nullify the constructive notice provided by the recordation. *See Id.* Michigan's race-notice statute, MICH. COMP. LAWS § 565.29, provides in relevant part:

> Every conveyance of real estate within the state here after made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded.
> . . .

The race-notice statute applies to mortgages. MICH. COMP. LAWS § 565.35; see *also, Richards v. Tibaldi,* 272 Mich. App. 522, 539 (2006). Therefore, a recorded lien, right, and interest in property takes priority over subsequent owners and encumbrances. MICH. COMP. LAWS § 565.29. If someone fails to record an interest, that interest is void against any subsequent purchaser who records first and that subsequent purchaser will "take subject to any lien the mortgagor may have on the property whether the record has been examined or not." M.C.L. § 565.29. *See Residential Funding*, 2011 Mich. App. LEXIS at * 7.

A purchaser is deemed to have reviewed the record and to have notice of the contents of all instruments and their contents in the chain of title. *See Boraks v. Siegel*, 366 Mich. 308, 311-12 (1962). A person who has notice of a possible defect but fails to make further inquiry into the possible rights of a third-party would not be deemed a good-faith purchaser and is said to have the knowledge that an inquiry would have disclosed. *See Royce v. Duthler*, 209 Mich. App. 682, 690 (1995).

Here, because Investaid indisputably recorded its mortgage on January 24, 2007, and Plaintiff purchased the property on December 15, 2007, and did not record her mortgage until November 13, 2012, Plaintiff had constructive notice of the Investaid mortgage, regardless of whether the title company at the time of her purchase failed to discover or reflect Investaid's recording. *See Residential Funding, 2100 Mich. App. LEXIS 123, Case No. 294564 at * 7.* Thus, Plaintiff bought the property subject to Investaid's prior recorded mortgage. Accordingly, Plaintiff was not protected as a bona fide purchaser under the recording statute and is deemed to have constructive notice of the prior mortgage.

### **2.** **Validity of the Foreclosure**

Defendant argues that any claim or interest that Plaintiff may have asserted was extinguished upon foreclosure of the Mortgage and the expiration of the redemption period. Defendant contends that it had no knowledge of Plaintiff's allege interest until Plaintiff filed a warranty deed twelve days after the foreclosure sale, on November 13, 2012. Thus, Defendant contends that after the redemption period expired, it had all rights, title, and interest in the subject Property.

Conversely, Plaintiff erroneously predicates her entire argument on the proposition that the assignment of the mortgage was somehow defective because the mortgage was discharged prior to an unexecuted assignment. Plaintiff directs the Court to review an undated and unexecuted Assignment of Mortgage from MERS, as nominee for Investaid, to MVB dated December 29, 2006, as documentary evidence that a "clear relationship" existed between Investaid, MVB, and the Mortgage. *See* Plt.'s Resp., Dkt. No. 7, pg. 13.

The Court is not clear on what relationship, if any, existed between Investaid and MVB. However, the Michigan Supreme Court has made it clear that "the validity of the foreclosure is not affected by an unrecorded assignment of interest. . . ." *See Residential Funding Co., L.L.C. v. Saurman*, 490 Mich 909, 910 (2011). Defendant has established a valid chain of title with respect to Defendant's right to foreclosure by way of MERS's assignment, as required by Michigan law:

> If the party foreclosing a mortgage by advertisement is not the original mortgagee, **a record chain of title shall exist prior to the date of sale** under section 3216 **evidencing the assignment of the mortgage to the party foreclosing the mortgage.**

MICH. COMP. LAWS § 600.3204 (3) (emphasis added).

Here, it is undisputed that the Mortgage clearly declares Investaid as mortgagee. Cargill, the original borrower on the mortgage, granted the Property and power of sale to MERS and its successors and assigns. *See* Def.'s Mot., Dkt. No. 4-2, pg. 9. The Mortgage also granted MERS the right to foreclose. MERS in turn executed an unambiguous document assigning its rights under the Mortgage to Defendant. *See Id.* pg. 27. Thus, a record chain of title clearly exists, providing Defendant the right to foreclose.

## **IV.** **Conclusion**

Accordingly, for the reasons stated above, it is HEREBY ORDERED that Defendant's Motion to Dismiss [#4] is **GRANTED**.

SO ORDERED.

Dated: August 12, 2013                /s/Gershwin A Drain
                                                          GERSHWIN A. DRAIN
                                                          UNITED STATES DISTRICT JUDGE